# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Rosa Segura<br>310 A. W. Hayes Ave.<br>Milwaukee, WI 53207<br><br>    Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System<br>8040 Excelsior Dr., Suite 200<br>Madison, WI 53717<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff brought this claim within the timeframe permitted under the FDCPA.

9. In or around the first week of December, Plaintiff received a letter from Defendant regarding the debt.

10. In or around the first week of December, Plaintiff telephoned Defendant in the hopes of making payment arrangements to resolve the debt.

11. During this communication, Defendant spoke to Plaintiff in an abusive and belligerent manner.

12. During this communication, Plaintiff offered to pay Defendant $100 per month to resolve the debt.

13. Defendant refused Plaintiff's offer and threatened to garnish Plaintiff's wages unless Plaintiff paid more.

14. A few days after the communication referenced above, Defendant telephoned Plaintiff and accepted Plaintiff's offer of $100 per month.

15. During this communication, Plaintiff provided her bank account information for purposes of making monthly payments.

16. During this communication, after providing her bank account information, Plaintiff was transferred to one of Defendant's collection supervisors ("Supervisor").

17. During this communication, Supervisor spoke to Plaintiff in an abusive and belligerent manner.

18. During this communication, Supervisor harassed Plaintiff in an attempt to convince Plaintiff to increase her monthly payments by asking numerous questions about Plaintiff's finances,

repeatedly interrupting Plaintiff whenever Plaintiff attempted to speak, and again threatening to garnish Plaintiff's wages.

19. At the time of the communications referenced above, Defendant had neither the intention nor the ability to sue Plaintiff.

20. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff.

21. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   /s/ Jeffrey S. Hyslip
     Jeffrey S. Hyslip
     Attorney for Plaintiff
     20 W. Kinzie Street, Suite 1300
     Chicago, IL 60610
     Telephone: 866-339-1156
     Email: jsh@legalhelpers.com